J. L. CURRIE v. A. L. CURRIE.

*Executors and Administrators—Penalty—Pleading.*

1. In a suit for the penalty denounced in THE CODE, §1522, in reference to administering upon estates, a complaint which fails to state that the defendant " entered upon the administration of the estate without obtaining letters," is demurrable.

2. The mere act of taking possession of the decedent's property and converting it to the defendant's use, may constitute him an executor *de son tort*, and subject him to the demands of creditors of the estate, but does not render him liable to the penalty.

CIVIL ACTION tried on appeal from a justice's court, at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*

This action was brought in the court of a justice of the peace for a penalty, under Bat. Rev., ch. 45, §144 (THE CODE, §1522), which provides that no person shall administer upon a decedent's estate without letters authorizing him so to do, under a penalty of one hundred dollars, &c.

The complaint alleges that Polly McDonald died intestate about the 5th of April, 1880, in the county of Moore, and at the time of her death was the owner of certain personal property in said county; that on or about the 5th of June, 1880, the defendant took into his possession and converted to his own use, without first having taken out letters of administration upon said estate and without other lawful authority, certain personal property of the intestate, contrary to the statute in such case made and provided in section 144, chapter 45, of Battle's Revisal.

The defendant demurred to the complaint and assigned two grounds therefor, the first of which was abandoned, and the second relied upon, which was, "that the facts alleged in the complaint do not constitute any cause of action in favor of the plaintiff and against the defendant. The demurrer was sustained and the plaintiff appealed.

*Mr. J. W. Hinsdale,* for plaintiff.
*Messrs. M. S. Robins* and *McIver & Black,* for defendant.

ASHE, J. The defendant was sued for the penalty given by the statute, which is as follows: "No person shall enter upon the administration of any decedent's estate, until he has obtained letters therefor, under the penalty of one hundred dollars, one-

half to the use of the informer and the other half to the state, but nothing herein contained shall prevent the family of the deceased from using so much of the crop, stock and provisions on hand as may be necessary until the widow's year's support is assigned therefrom, as prescribed by law." Acts 1868–'69, .ch. 113, §93. This section is carried forward in Battles' Revisal, ch. 45, §144, and re-enacted in THE CODE, §1522, without any change in the phraseology.

The plaintiff in his complaint alleges that the defendant has taken certain property of Polly McDonald, deceased, into his possession and converted the same to his own use, without first having taken out letters of administration upon the estate, and without other lawful authority.

The complaint seems to have been drawn upon the idea that the penalty of one hundred dollars is given against every one who interferes with a decedent's estate, so as to constitute him an executor of his own wrong. This is a mistaken interpretation of the act. An executor of his own wrong may unquestionably incur the penalty, but he does not necessarily do so by every interference with the property of a deceased person.

The taking by the defendant of the personal property of Polly McDonald may have made him an executor *de son tort*, and subject him to the liability of being sued by the creditors, as such, to the extent of the value of the property converted by him. But the complaint fails to set forth facts sufficient to subject him to the penalty.

The mischief intended to be remedied by the act in question was to prevent persons from undertaking the administration of the estate of deceased persons without suing out letters of administration as required by law. It not unfrequently happens that when a person dies intestate, and sometimes even when wills are made, the relatives and friends, in order to save expense, undertake to settle the estate without going through the ceremonies of a regular administration, and it almost invariably happens that disagreements, contentions, heart-burnings,

and too often serious and complicated litigations, are the consequence. This was the mischief intended to be prevented by the legislature.

By section 67 of the same act, the legislature defines who are chargeable as executors *de son tort,* and if it had been intended to impose the penalty upon everyone who officiously interfered with a decedent's estate, it is reasonable to suppose the penalty would have been prescribed in that section, instead of being provided for in an independent section of the act.

To incur the penalty, something more must be done than merely taking the property of a decedent into possession and converting it to one's own use. That might make him an executor *de son tort,* but he would not incur the penalty, unless, in the words of the act, *he entered upon the administration of the estate* without first having obtained letters therefor. Administration implies management, not the mere holding the possession of property, but the performance, with regard to it, of such acts as are incident to lawful administrations; as by selling the property, or collecting and paying the debts, or distributing the estate, &c.

Nothing less than an allegation that the defendant had undertaken to administer the estate of Polly McDonald, without having first obtained letters of administration on her estate, will do to render the defendant liable to the penalty. There is no such allegation in the complaint. It therefore does not constitute a cause of action against the defendant. Consequently, the demurrer must be sustained and the judgment of the court below affirmed.

No error. Affirmed.